UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| JOHN BIEDRZYCKI, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 6:09-CV-364-GFVT |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| U.S. PROBATION DEPARTMENT, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

** ** ** ** **

John Biedrzycki is currently confined in the United States Penitentiary- McCreary ("USP-McCreary"), in Pine Knot, Kentucky.  He has submitted what the Court construed as a *pro se* Petition for Writ of Mandamus, and has been granted permission to proceed *in forma pauperis*. The Petition and later-filed exhibits [Record Nos. 2, 5] are now before the Court for screening.  28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).[1] For the reasons set forth below, this matter will be dismissed.

**I.**

Petitioner "means to compel [sic] the U.S. Department of Probation to justify and clarify to the U.S. Bureau of Prisons" the true facts about a charge of assault with a weapon allegedly happening on April 15, 1999 and appearing in his Presentencing Report ("PSI").[2]  He insists that the assault was not based upon a finding of guilt and "as such should not be used against

---

[1] A *pro se* pleading is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).  But the Court must dismiss a case at any time if it determines the action is frivolous, malicious, or fails to state a claim upon which the Court may grant relief. 28 U.S.C. § 1915(e)(2)(B).

[2] A presentencing report is usually referred to a PSI or a "PSR," terms which are used interchangeably.

Plaintive [sic] in a negative manner that adds Points to the Plaintives [sic], custody classification review."

Petitioner specifically alleges that he has a custody classification of twenty-eight (28) points, ten (10) of which are unjustified because they derive from his criminal history score from the Probation Department'a PSI, which is erroneous, as it includes "a charge of assult [sic] with a weapon on April 15th 1999, that was dismissed."  He complains that under Federal Rule 32 the probation department must include only verified information in a PSI, but they included the dismissed assault charge "knowing that it would have a negative impact on the Plaintives [sic] rights and custody standing within the B.O.P."

Biedrzycki states that the ten (10) points is in violation of Rule 32 and attributable to this erroneous assault information.  The resulting point score prevents him from being transferred to a lower custody level prison and bars him from participation in some rehabilitation programs. Petitioner stresses that he is not asking for the PSI to be altered in any way, only that the "Probation dept be ordered to clarify" the truth of the matter to the BOP.

In response to an inquiry from the Court about his use of the BOP administrative remedy program, the Petitioner has supplied two documents [Record No. 4], which he characterizes as "evidence showing that petitioner exhausted his administrative remedies in the form of writen [sic] correspondence with (2) two different wardens and their refusal to rectify the situation. . . ."

**II**.

The Petitioner requests mandamus relief.  The All Writs Act, 28 U.S.C. § 1651, authorizes this Court to issue a writ of mandamus.  The statute states that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid

of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651(a).  However, "[m]andamus is a drastic remedy, to be invoked only in extraordinary situations where the petitioner can show a clear and indisputable right to the relief sought."  *In re Parker*, 49 F.3d 204, 206 (6th Cir. 1995) (citing *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 661-62 (1978)); *Kerr v. United States District Court*, 426 U.S. 394, 402-03 (1976).  "'The general principle which governs proceedings by mandamus is, that whatever can be done without the employment of that extraordinary writ, may not be done with it.  It lies only when there is practically no other remedy.'"  *In re NLO, Inc.*, 5 F.3d 154, 156 (6th Cir. 1993) (quoting *Helstoski v. Meanor*, 442 U.S. 500, 505 (1979)).

The instant cause of action fails to meet the high standards warranting mandamus relief. The Petitioner has not established that he has any right to have the relief he requests, *i.e.*, to compel the U.S. Probation Department to inform the BOP that the complained-of 1999 assault in his PSI was not a conviction based on a finding of guilt.  He does not point to any statute or Constitutional provision which mandates that the Probation Office correct or detail the prisoner's criminal history when the prisoner arrives at a BOP facility.  Petitioner is clearly not entitled to mandamus relief.

In fact, Petitioner is clearly not entitled to any relief.  There is no independent civil action springing from the application of Federal Rule of Criminal Procedure 32, Sentencing and Judgment.  This Rule sets out the different obligations of the trial court and the probation officer, not the BOP.  Further, it has its own remedies, which may be raised at the time of sentencing or on appeal or in a Motion brought pursuant to 28 U.S.C. § 2255.  *See, e.g., United States v. Gilden*, 332 F. App'x 312, 2009 WL 2526027 (6th Cir. August 20, 2009) (unpublished), *cert.*

3

*denied*, _____S.Ct. _____ (2009).  Petitioner admits that he did not raise it then.

Nor does the Petitioner point to any other basis for this Court to order the BOP to take any action with regard to his classification.  To the contrary, Congress has granted to the United States Attorney General broad discretion in the placement of its prisoners, and he, in turn, has delegated that discretion to the Director of the BOP.  *See* 18 U.S.C. § 4081; and 28 C.F.R. § 0.96.  The Supreme Court has acknowledged that placement of prisoners within the federal prison system is among the "wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts."  *Meachum v. Fano*, 427 U.S. 215, 225 (1976).  And the lower courts have adhered to the classification procedures being totally within the discretion granted to the BOP.  *See, e.g., Walker v. Hughes,* 558 F.2d 1247, 1252 (6th Cir.1977) ("Federal statutory law gives federal prison officials full discretion in the treatment of prisoners and does not restrict the authority of prison officials over the inmates as to placement in more restrictive living status, transfer to other prisons, subjection to significant and adverse effects on parole dates, and deprivation of privileges.").

To the extent that the Petitioner's allegations amount to a claim that his due process rights have been violated by the use of the erroneous PSI to arrive at his custody level and prison assignment, the Supreme Court has held that prisoners do not have a liberty interest under the Constitution in "prisoner classifications and eligibility for rehabilitative programs in the federal system."  *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976).  An inmate does not have a liberty interest in assignment to a particular institution or to a particular security classification.  *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983);  *Montayne v. Haymes,* 427 U.S. 236, 243 (1976).

The Supreme Court has directed that a liberty interest in the conditions of a prisoner's

confinement is implicated only where the prison's action creates "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or creates a "major disruption in his environment." *Sandin v. Connor,* 515 U.S. 472, 484-86 (1995). *See Taylor v. Sniezek*, No. 4:05-CV-0620, 2005 WL 1593671, *3 (N.D. Ohio 2005) (unpublished) ("Petitioner has made neither showing"). In this case also, the instant Petitioner has alleged neither condition.

The Supreme Court itself has found only one circumstance which meets its standard of being an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" so as to implicate the due process clause, and that is a prisoner's transfer to a "supermax" facility, where "almost all human contact is prohibited, even to the point that conversation is not permitted from cell to cell; the light, though it may be dimmed, is on for 24 hours; exercise is for 1 hour per day, but only in a small indoor room." *Wilkinson v. Austin,* 545 U.S. 209, 223-24 (2005).

The differences between this Petitioner's case and the prisoner's situation in the *Wilkinson* case are tremendous. First, the instant Petitioner is not being transferred or classified to a "supermax" facility. Also, the confinement complained of in a medium rather than low security facility is also nowhere near the extreme conditions of the "supermax" facility in *Wilkinson*. Nor does this Petitioenr's  confinement affect his parole eligibility. Because his prison conditions are not "outside the realm of what is to be expected of prison life" (*Sandin,* 515 U.S. at 485), this Petitioner fails to state a due process claim.

Even construed as a habeas proceeding, this case would be dismissed. On similar facts, in  *Pastrana v. Nalley*, No. 9:03-CV-0302, 2007 WL 952061 (N.D.N.Y. March 29, 2007)

(unpublished), the BOP used erroneous information in a PSR to determine the prisoner's custody classification; and this classification made him ineligible for a BOP 500-hour drug treatment program, which could result in a one-year reduction in his sentence.  Even considering the clear error and the possibility that the prisoner could not obtain earlier release, that district court found no due process violation and dismissed the § 2241 petition.

Although the instant Petitioner insists that he is not seeking to make a change in his PSI, he is still attempting to have part of it to be ignored by or "corrected" in BOP records.  *See Murphy v. DeRosa*, No. 03-5887-RBK, 2005 WL 2475704, *6-7 (D.N.J. October 3, 2005) (unpublished) (summarily dismissing § 2241 petition seeking "correction," which was actually a challenge to the BOP's use of the PSR to determine the petitioner's custody classification, prison designation, and participation in prison programs).

This Court concludes that the instant Petitioner, too, fails to state a claim upon which relief can be granted, and dismissal is appropriate.  Petitioner is not totally without remedy, however.  The BOP, in its own policy documents, Program Statement ("PS") 5800.11. *Inmate Central File, Privacy Folder, and Parole Mini-Files*, provides that an inmate may challenge the information in his or her Central File.  First, the prisoner must provide supporting information, in this case, presumably the dismissal of the assault charge, and then the following policy requires the BOP staff to act:

> . . . [S]taff shall review the alleged error(s) and take reasonable steps to ensure the information is correct.
>
> For example, if an inmate challenges information in the Presentence Investigation Report (PSI), staff should inform the appropriate U.S. Probation Office (USPO) in writing of the disputed information, and request that a written response also be provided.  **USPO procedures, however, do not allow for changes or addendums to be made to the Presentence Investigation Report after**

6

**sentencing since it is a court document**.

PS 5800.11 at 19 (emphasis added).

Therefore, should the Petitioner desire to demand that the BOP take certain action(s) and then to come to court on this topic, he must obtain supporting information showing dismissal of the assault charge and then must then supply it to the BOP. Only then is there any burden on the BOP to follow through with its own inquiry to the U.S. Probation Office. Even if the BOP's classification is unchanged, Biedrzycki's pursuit of the request administratively to exhaustion will permit him to challenge the BOP's decision for any impropriety or failure to act as directed in the above-quoted policy.

Should the Petitioner decide to come to court again on any issue, the Court takes this opportunity to put him on notice that he may not do so until he exhausts the BOP's administrative remedy program on that issue. Exhaustion is not accomplished by "correspondence," which he claims to have used in this case, but by adherence to the BOP's Administrative Remedy Program, found at 28 C.F.R. §§ 542.10-542.19 (2000). The Petitioner must use BOP forms, obey all deadlines, and pursue the matter to the final level of appeal, the Office of General Counsel for the BOP. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (exhaustion must be in conformity with the rules of the administrative program).

**III.**

Accordingly, **IT IS ORDERED** as follows:

(1)    John Biedrzycki's Petition for Writ of Mandamus is **DENIED**, *sua sponte*, for failure to state a claim upon which the Court may grant relief.

(2)    This action will be **DISMISSED** from the docket of the Court, and Judgment

7

shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This the 21st day of January, 2010.

Signed By:

*Gregory F. Van Tatenhove*

**United States District Judge**